IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

APRIL BARNARD                                                                                    PLAINTIFF

VS.                                         CASE NO. 12-CV-4110

TOWNSQUARE MEDIA, LLC                                                                DEFENDANT

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Townsquare Media, LLC's Motion to Compel Arbitration and Motion to Stay. (ECF No. 8). Townsquare Media seeks to compel Plaintiff April Barnard to arbitrate her claims against it pursuant to a binding arbitration policy in the company's employee handbook, which she allegedly acknowledged and agreed to. Townsquare Media also asks the Court to stay this case in light of the parties' agreement. Ms. Barnard has responded to Townsquare Media's motion (ECF No. 10), and Townsquare Media has replied. (ECF No. 13). The matter is ripe for the Court's consideration.

### BACKGROUND

This case involves an employment dispute, which Townsquare Media argues is not properly before this Court because of an arbitration policy in its employee handbook.

In August 2010, Ms. Barnard was hired by Townsqaure Media to work with several of its radio stations in Texarkana, Arkansas. On August 30, 2010, as a condition of her employment, she signed an acknowledgment form indicating that she received a copy of the company's employee handbook and understood its policies. That handbook contained the following arbitration policy:

> **ARBITRATION AGREEMENT**: Any controversy, dispute or claim between an employee and the Company, except as set out below, shall be settled by final and binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association. The employee and the Company both have the right to pursue the same causes of action and obtain the same damages in arbitration that they could pursue in any court. The effect of this policy is that both the employee and the Company are waiving their right to file a lawsuit in court against the other party. Any arbitration brought under the terms of this Agreement shall be conducted in the following manner:
>
> \*\*\*
>
> (d) The decision of the Arbitrator shall be final and binding upon the parties, and the Company and the employee shall promptly comply with the terms of such award. Where consistent with applicable law, the Arbitrator shall order the non-prevailing party to pay the prevailing party's attorney's fees and all costs of the arbitration. Any deviation from subparagraphs (a) through (c) above must be set out in writing and signed by both the employee and the Company.
>
> \*\*\*
>
> (f) Any employee who continues to work for the Company after the effective date of this policy will be deemed to have consented to this policy. This policy can be changed only in a written document signed by the Company and employee.

(ECF No. 9-1).

The acknowledgment form that Ms. Barnard signed explicitly referenced this arbitration policy in three separate provisions. Those provisions read as follows:

> The information contained in the Handbook represents guidelines for the Company and the Company reserves the right at any time, without prior notice to employees, modify, amend or terminate any policy, procedure, or employee benefit program, except *the Arbitration Policy*.
>
> *The Arbitration Policy* can be changed only in a written document signed by the Company and an employee.
>
> Except for *the Arbitration Policy*, the Handbook is not a contract and no statement or set of statements within it is a contract or a guarantee of employment.

(ECF No. 9-1) emphasis added.

In 2011, Townsquare Media updated its employee handbook. When it did so, however, the company's arbitration policy did not change from the policy that Ms. Barnard allegedly

2

agreed to in 2010. Townsquare Media contends that Ms. Barnard also "acknowledged receipt of, and agreement with," the updated 2011 handbook. (ECF No. 9). As evidence of that acknowledgment, Townsquare Media provides an electronic "acknowledgment report" indicating that Ms. Barnard acknowledged the new handbook on April 13, 2011.

Ms. Barnard argues, however, that she had no knowledge of Townsquare Media's arbitration policy until after her employment with the company had ended. In support of that assertion, she produces an unsigned copy of a 2011 acknowledgment form. She does not dispute that she signed an acknowledgment form in 2010 indicating her understanding of, and agreement with, the arbitration policy. But she maintains that the parties' arbitration agreement is invalid and unenforceable because of the manner in which the parties purportedly entered into it and because it is unconscionable.

## DISCUSSION

In addressing a motion to compel arbitration, courts generally apply a two-part test: "(1) whether there is a valid arbitration agreement and (2) whether the particular dispute falls within the terms of that agreement." *E.E.O.C. v. Woodmen of World Life Ins. Soc.*, 479 F.3d 561, 565 (8th Cir. 2007) (quoting *Faber v. Menard, Inc.*, 367 F.3d 1048, 1052 (8th Cir. 2004)). These two determinations are guided by a "liberal federal policy favoring arbitration agreements." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 25 (1991).

Ms. Barnard does not appear to challenge the second part of that test—that her claims against Townsquare Media fall within the terms of the arbitration agreement. She remains silent on that point for good reason. The arbitration policy encompasses "[a]ny controversy, dispute or claim between an employee and the Company," which would of course include Ms. Barnard's employment related claims. (ECF No. 9). Ms. Barnard, however, does contest the validity and

3

enforceability of the parties' purported agreement. That inquiry is governed by state contract law. *Woodmen of World Life Ins. Soc.*, 479 F.3d at 565.

Under Arkansas law, the essential elements of a contract are: "(1) competent parties, (2) subject matter, (3) legal consideration, (4) mutual obligations, and (5) mutual agreement." *Diversicare Leasing Corp. v. Nowlin*, No. 11–cv–1037, 2011 WL 5827208, *3 (W.D. Ark. Nov. 18, 2011). The only element that Ms. Barnard suggests is lacking in this case is the element of mutual agreement.[1] Mutual agreement concerns whether the parties objectively manifested their assent to the contract through words or conduct. *Gobeyn v. Travelers Indem. Co.*, No 1:09cv00034, 2009 WL 3148755, at *2 (E.D. Ark. Sept. 24, 2009). Ms. Barnard argues that she was not aware of the arbitration policy until after she left Townsquare Media. If she was unaware of it, she certainly could not have objectively agreed to it.

This argument fails, however, based on the 2010 acknowledgment form that Ms. Barnard signed as a condition of her employment. Her signature belies her alleged ignorance. The 2010 acknowledgment form reveals both the existence, and the binding nature, of the arbitration policy by stating that "[e]xcept for the Arbitration Policy, the Handbook is not a contract…." (ECF No. 9-1). By acknowledging that statement, Ms. Barnard admits her understanding that an arbitration policy existed, and that it contractually binds the parties.

The signed acknowledgment form also conveys her general understanding of the terms of each policy in the employee handbook. This includes a bold section heading entitled "Arbitration Agreement." (ECF No. 9-1). The policy was not hidden or inconspicuously stated.

---

[1] The other essential elements are clearly present. There is no indication that either of the parties was incompetent or that the subject matter of the agreement was unclear or insufficient. The legal consideration for the agreement was furnished by Ms. Barnard's acknowledgment of the policy as a condition of her employment, as well as the mutual promises stated in the agreement that the parties would arbitrate their disputes. *See Gobeyn*, 2009 WL 3148755, at *3. The terms of the arbitration policy also bind both parties to arbitration equally, which satisfies the mutual obligations element. *See Diversicare Leasing Corp.*, 2011 WL 5827208, at *3.

In view of these facts, it appears Ms. Barnard was not only aware of the arbitration policy, but she also objectively assented to it through her signature and continued employment with the company. The Court cannot assume, without more, that Ms. Barnard did not read and understand the implications of the acknowledgment form when she signed it. Therefore, the Court finds that the parties mutually agreed to arbitrate their claims, and that agreement is valid and applicable to Ms. Barnard's claims.[2]

Despite the agreement's validity, Ms. Barnard argues that the arbitration policy is unenforceable because it is unconscionable. To prevail on such a challenge, a plaintiff must prove both procedural and substantive unconscionability. *Gobeyn*, 2009 WL 3148755, at *3. "Procedural unconscionability deals with the manner in which a contract was entered into." *Id*. It considers "whether the aggrieved party was made aware of and comprehended the provision in question." *State ex rel. Bryant v. R & A Inv. Co., Inc.,* 985 S.W.2d 299, 302 (Ark. 1999). "[S]ubstantive unconscionability…looks to the terms of the contract and whether they are harsh, one-sided, or oppressive." *Gobeyn*, 2009 WL 3148755, at *3.

Ms. Barnard argues that the agreement is unconscionable because: (1) arbitration would be financially burdensome and cost prohibitive; (2) enforcing the agreement would discourage her from vindicating her federal rights; and (3) the manner in which the parties purportedly

---

[2] As an alternative point, Ms. Barnard's signature on the acknowledgment form, along with her continued employment upon receiving the handbook, operates as a valid unilateral contract between the parties. The Arkansas Supreme Court has recognized that when an employee handbook is disseminated to employees with language sufficient to constitute an offer, an "employee's retention of employment constitutes acceptance of the offer of a unilateral contract; by continuing to stay on the job, although free to leave, the employee supplies the necessary consideration for the offer." *Sexton Law Firm, P.A. v. Milligan*, 948 S.W.2d 388, 394 (Ark. 1997). In this case, Townsquare Media disseminated an employee handbook, which included a conspicuous agreement that the parties arbitrate their disputes. That agreement expressly stated that "[a]ny employee who continues to work for the Company after the effective date of this policy will be deemed to have consented to the policy." (ECF No. 9-1). Such a statement operates as an offer that is quite "definite in form," and its terms are "reasonably certain." *Aon Risk Serv.'s, Inc. v. Meador*, 267 S.W.3d 603, 609-10 (Ark Ct. App. 2007). Ms. Barnard signed a form acknowledging receipt of that handbook containing such offer language. She then continued to work for Townsquare Media for several months. Her receipt of the handbook and continued employment therefore supplied the consideration for the arbitration agreement.

5

entered into the agreement was invalid based on her lack of knowledge of the arbitration policy. Although Ms. Barnard does not specify, her first two arguments appear to challenge the substantive conscionability of the agreement, while the third addresses the procedural component of the agreement. This argument for procedural unconscionability is where Ms. Barnard's challenge falls short. Accordingly, the Court need not address the substantive component of the agreement.

The Court has already determined, as discussed above, that the parties validly entered into an arbitration agreement. Ms. Barnard's alleged unawareness of the arbitration policy is insufficient considering her 2010 signature acknowledging the policy. The arbitration agreement was conspicuously identified in bold lettering in the employee handbook, and Ms. Barnard signed an acknowledgment form that expressly referenced that agreement multiple times. Her signature admits her receipt of the handbook and an understanding of its policies. She fails to present any evidence that she did not comprehend what she was signing when she signed it.

Moreover, the fact that Townsquare Media updated its employee handbook in 2011 is of no consequence. The parties dispute whether or not Ms. Barnard actually acknowledged the updated handbook in 2011. Even assuming that she did not acknowledge it, that fact would not alter, or somehow rescind, the valid arbitration agreement that the parties entered into when Ms. Barnard was hired in 2010.[3]

Accordingly, Ms. Barnard has failed to show that the arbitration agreement is procedurally unconscionable. Without evidence of both procedural and substantive unconscionability, the agreement is enforceable, and Ms. Barnard must arbitrate her claims. Because the Court is satisfied that Ms. Barnard's claims should be referred to arbitration, it must

---

[3] It bears repeating that the language of Townsquare Media's arbitration policy also did not change in any way as a result of the 2011 updated handbook.

6

stay this case pending such arbitration in accordance with the terms of the parties' agreement. 9 U.S.C. § 3.

## CONCLUSION

For the reasons explained above, Defendant Townsquare Media LLC's motion to compel arbitration (ECF No. 8) should be and hereby is **GRANTED**. Plaintiff April Barnard's claims are referred to arbitration in accordance with the parties' agreement. This matter is hereby stayed and administratively terminated, without prejudice to the right of the parties to reopen the proceedings to enforce the arbitrator's decision.

**IT IS SO ORDERED**, this 24th day of April, 2013.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge